IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
RUTH ELIZABETH THUE,            )
                                )   2:08-cv-00339-GEB-EFB
          Plaintiff,            )
                                )
     v.                         )   STATUS (PRETRIAL
                                )   SCHEDULING) ORDER
METROPOLITAN LIFE INSURANCE     )
COMPANY; RENAE THUE, AND DOES   )
1 THROUGH 20,                   )
                                )
          Defendants.           )
_____)
```

The status (pretrial scheduling) conference scheduled for May 12, 2008, is vacated since the parties' Joint Status Report ("JSR") indicates that the following Order should issue.[1]

DOE DEFENDANTS

The JSR indicates that "the identities of any 'Doe' defendants are expected to be discovered by July 31, 2008." Plaintiff has until July 31, 2008, to file a motion in which leave is sought

---

[1] A scheduling conference need not be held in every action. Fed. R. Civ. P. 16(b); 1993 Advisory Committee Notes to Fed. R. Civ. P. 16(b) ("[W]hile a scheduling order is mandated, a scheduling conference is not.").

1

under Federal Rule of Civil Procedure 15(a) to file an Amended Complaint which could add a party to this action. The motion must be noticed for hearing on the Court's earliest available law and motion date. If leave is not sought as stated, this will automatically effectuate dismissal of Does 1 through 20 from this action.

## SERVICE, JOINDER OF ADDITIONAL PARTIES, AMENDMENT

If Plaintiff substitutes a named defendant in place of a Doe defendant under the leave given above, a copy of this Order shall be served on that defendant concurrently with the service of process.

That defendant has 30 days after said service within which to file a "Notice of Proposed Modification of Status Order." Although a newly-joined party's proposed modification filed within this thirty day period will not have to meet the good cause standard, no further amendments will be permitted except with leave of Court, good cause having been shown.

## DISCOVERY

All discovery shall be completed by June 17, 2009. In this context, "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate orders, if necessary, and, where discovery has been ordered, the order has been complied with or, alternatively, the time allowed for such compliance shall have expired.[2]

---

[2] The parties are advised that the Magistrate Judges in the Eastern District are responsible for resolving discovery disputes. See Local Rule 72-302(c)(1). Accordingly, counsel shall direct all discovery-related matters to the Magistrate Judge assigned to this case. A party conducting discovery near the discovery "completion" date runs the risk of losing the opportunity to have a judge resolve discovery motions pursuant to the Local Rules.

1  Each party shall comply with Federal Rule of Civil Procedure
2  26(a)(2)'s initial expert witness disclosure and report requirements
3  on or before January 16, 2009, and with any rebuttal expert disclosure
4  authorized under the Rule on or before February 17, 2009.

MOTION HEARING SCHEDULE

6  The last hearing date for motions shall be August 17, 2009,
7  at 9:00 a.m.[3]

8  Motions shall be filed in accordance with Local Rule 78-
9  230(b).  Opposition papers shall be filed in accordance with Local
10 Rule 78-230(c).  <u>Failure to comply with this local rule may be deemed
11 consent to the motion and the Court may dispose of the motion
12 summarily.</u>  <u>Brydges v. Lewis</u>, 18 F.3d 651, 652-53 (9th Cir. 1994).
13 Further, failure to timely oppose a summary judgment motion may result
14 in the granting of that motion if the movant shifts the burden to the
15 nonmovant to demonstrate a genuine issue of material fact remains for
16 trial.  <u>Cf.</u> <u>Marshall v. Gates</u>, 44 F.3d 722 (9th Cir. 1995).

17 Absent highly unusual circumstances, reconsideration of a
18 motion is appropriate only where:

19 (1)  The Court is presented with newly discovered evidence
20 that could not reasonably have been discovered prior to the filing of
21 the party's motion or opposition papers;

22 (2)  The Court committed clear error or the initial decision
23 was manifestly unjust; or

24 (3)  There is an intervening change in controlling law.

---

[3] This time deadline does not apply to motions for continuances, temporary restraining orders, emergency applications, or motions under Rule 16(e) of the Federal Rules of Civil Procedure.

1 A motion for reconsideration based on newly discovered evidence shall
2 set forth, in detail, the reason why said evidence could not
3 reasonably have been discovered prior to the filing of the party's
4 motion or opposition papers.  Motions for reconsideration shall comply
5 with Local Rule 78-230(k) in all other respects.
6       The parties are cautioned that an untimely motion
7 characterized as a motion in limine may be summarily denied.  A motion
8 in limine addresses the admissibility of evidence.

## FINAL PRETRIAL CONFERENCE

10       The final pretrial conference is set for October 13, 2009,
11 at 11:00 a.m.  The parties are cautioned that the lead attorney who
12 WILL TRY THE CASE for each party shall attend the final pretrial
13 conference.  In addition, all persons representing themselves and
14 appearing in propria persona must attend the pretrial conference.
15       The parties are warned that non-trialworthy issues could be
16 eliminated *sua sponte* "[i]f the pretrial conference discloses that no
17 material facts are in dispute and that the undisputed facts entitle
18 one of the parties to judgment as a matter of law."  Portsmouth Square
19 v. S'holders Protective Comm., 770 F.2d 866, 869 (9th Cir. 1985).
20       The parties shall file a JOINT pretrial statement no later
21 than seven (7) calendar days prior to the final pretrial conference.[4]
22 The joint pretrial statement shall specify the issues for trial and

---

[4] The failure of one or more of the parties to participate in the preparation of any joint document required to be filed in this case does not excuse the other parties from their obligation to timely file the document in accordance with this Order.  In the event a party fails to participate as ordered, the party or parties timely submitting the document shall include a declaration explaining why they were unable to obtain the cooperation of the other party.

4

shall estimate the length of the trial.[5]  The Court uses the parties' joint pretrial statement to prepare its final pretrial order and could issue the final pretrial order without holding the scheduled final pretrial conference.  See Mizwicki v. Helwig, 196 F.3d 828, 833 (7th Cir. 1999) ("There is no requirement that the court hold a pretrial conference.").  The final pretrial order supersedes the pleadings and controls the facts and issues which may be presented at trial.  Issues asserted in pleadings which are not preserved for trial in the final pretrial order cannot be raised at trial.  Hotel Emp., et al. Health Tr. v. Elks Lodge 1450, 827 F.2d 1324, 1329 (9th Cir. 1987) ("Issues not preserved in the pretrial order are eliminated from the action."); Valley Ranch Dev. Co. v. F.D.I.C., 960 F.2d 550, 554 (5th Cir. 1992) (indicating that an issue omitted from the pretrial order is waived, even if it appeared in the pleading); cf. Raney v. Dist. of Columbia, 892 F. Supp. 283 (D.D.C. 1995) (refusing to modify the pretrial order to allow assertion of a previously-pled statute of limitations defense); Olympia Co. v. Celotex Corp., 597 F. Supp. 285, 289 (E.D. La. 1984) (indicating that "[a]ny factual contention, legal contention, any claim for relief or defense in whole or in part, or affirmative matter not set forth in [the pretrial statement] shall be deemed . . . withdrawn, notwithstanding the contentions of any pleadings or other papers previously filed [in the action]").

If possible, at the time of filing the joint pretrial statement counsel shall also email it in a format compatible with WordPerfect to: geborders@caed.uscourts.gov.

---

[5] **The joint pretrial statement shall also state how much time each party desires for voir dire, opening statements, and closing arguments.**

<u>TRIAL SETTING</u>

Trial is set for January 12, 2010, commencing at 9:00 a.m.

<u>MISCELLANEOUS</u>

The parties are reminded that pursuant to Federal Rule of Civil Procedure 16(b), the Status (Pretrial Scheduling) Order **shall not be modified except by leave of Court upon a showing of good cause. Counsel are cautioned that a mere stipulation by itself to change dates does not constitute good cause.**

IT IS SO ORDERED.

**Dated: May 6, 2008**

_____
GARLAND E. BURRELL, JR.
United States District Judge